14-4507-cv
Gianetti v. New England Life Ins. Co.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of February, two thousand sixteen.

PRESENT: RALPH K. WINTER,
REENA RAGGI,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

------------------------------------------------------------------

CHARLES D. GIANETTI
*Plaintiff-Counter-Defendant-Appellant*,

v.                                                              No. 14-4507-cv

NEW ENGLAND LIFE INSURANCE CO.,
*Defendant-Counter-Claimant-Appellee.*

------------------------------------------------------------------

APPEARING FOR APPELLANT:        MICHAEL T. KOGUT, O'Connell Plumb & Mackinnon, P.C., Springfield, Massachusetts.

APPEARING FOR APPELLEES:        JOHN A. HOULIHAN (Aubrey E. Blatchley, *on the brief*), Locke Lord LLP, Boston, Massachusetts.

Appeal from a judgment of the United States District Court for the District of

Connecticut (Alfred V. Covello, *Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 13, 2014, is AFFIRMED.

Plaintiff-counter-defendant Charles Gianetti appeals from the judgment entered after a bench trial in favor of defendant-counter-claimant New England Life Insurance Company ("NELICO") on Gianetti's claims for breach of contract and violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), see Conn. Gen. Stat. §§ 42-110a to 42-110q. Gianetti argues that NELICO's 2000 modification of his life insurance policy to reflect more accurately the parties' 1999 settlement of an earlier action arising out of a NELICO agent's fraud constituted a breach of contract, and that subsequent statements of policy value and premium constituted misrepresentations under CUTPA. He also challenges the district court's exclusion of a witness's testimony. We review a district court's evidentiary rulings for abuse of discretion, see Keepers, Inc. v. City of Milford, 807 F.3d 24, 34 (2d Cir. 2015); its findings of fact for clear error; and its conclusions of law de novo, see Arch Ins. Co. v. Precision Stone, Inc., 584 F.3d 33, 38–39 (2d Cir. 2009). In conducting this review, we assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm substantially for the reasons stated by the district court.

1.    Breach of Contract

Gianetti does not contest that NELICO's initial funding of his life insurance policy

2

overcompensated him relative to the parties' settlement agreement. Instead, he argues that he is entitled to enforcement of the policy as a contract distinct from the agreement, which contract was modified without his consent. He is mistaken. As the district court correctly concluded, the policy is not a standalone contract but, rather, a portion of the settlement agreement, to which it was attached as Exhibit B. That agreement manifests a clear meeting of the parties' minds that NELICO would pay Gianetti $1.2 million and fund an insurance policy for him with a 1999 cash value of $585,000. In short, the parties' initial failure to translate the settlement agreement to a correct premium amount is properly deemed a mutual mistake, which NELICO was entitled to reform and enforce consistent with the parties' intent as expressed in the settlement agreement. See Lopinto v. Haines, 185 Conn. 527, 532, 441 A.2d 151, 155 (1981) ("The remedy of reformation is appropriate in cases of mutual mistake—that is where, in reducing to writing an agreement made or transaction entered into as intended by the parties thereto, through mistake, common to both parties, the written instrument fails to express the real agreement or transaction." (internal quotation marks omitted)). Accordingly, the district court correctly found that that NELICO did not breach the contract as properly interpreted.

Even if NELICO had breached the contract, however, that breach would have occurred in 2000, eight years before Gianetti filed the instant complaint, and, thus, his contract claim is barred by Connecticut's six-year statute of limitations. See Conn. Gen. Stat. § 52-576(a). We identify no error in the district court's finding that Gianetti knew of

3

NELICO's purported breach in 2000 and, thus, could not demonstrate either fraudulent concealment or continuing conduct sufficient to toll the statute of limitations.[1]

2.      Connecticut Unfair Trade Practices Act

A plaintiff suing under CUTPA must demonstrate "(1) that the defendant made a misrepresentation of fact (2) that the defendant knew or should have known was false, and (3) that the plaintiff reasonably relied on the misrepresentation, and (4) suffered pecuniary harm as a result."  Nazami v. Patrons Mut. Ins. Co., 280 Conn. 619, 626, 910 A.2d 209, 213 (2006).  Because we identify no error in the district court's finding that Gianetti failed to demonstrate the requisite reliance and pecuniary harm, we affirm the judgment in favor of NELICO on this claim.

3.      Exclusion of Testimony

The district court acted well within its discretion in excluding testimony of accountant Elmer Laydon because his disclosure as an expert witness was untimely.  See Fed. R. Civ. P. 26(a)(2).  No different conclusion is warranted by Gianetti's belated attempt to recharacterize Laydon as a fact witness because Laydon lacked the "first-hand knowledge or observation" critical to lay opinion testimony under Fed. R. Evid. 701. United States v. Rea, 958 F.2d 1206, 1215 (2d Cir. 1992); accord United States v. Garcia, 413 F.3d 201, 212–13 (2d Cir. 2005).  In any event, the district court did not abuse its

---

[1] To the extent Gianetti argues for the first time on appeal that NELICO restarted the statute of limitations in 2006 by sending an erroneous policy statement, that argument is forfeited.  See Katel Liab. Co. v. AT&T Corp., 607 F.3d 60, 68 (2d Cir. 2010) ("An argument raised for the first time on appeal is typically forfeited").

4

discretion in finding that Laydon's proposed opinion testimony as to the value of a $297,750 investment made in 1987 was irrelevant given that the 1987 policy was terminated as part of the settlement in 1999, and Gianetti entered into the new policy in 1999.

4.    Conclusion

We have considered all of Gianetti's remaining arguments and conclude that they are without merit.   Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5